SHERYL A. STRAIN
CHAPTER 7 TRUSTEE
575 E. ALLUVIAL AVE., #101
FRESNO, CA 93720
PHONE: (559) 435-2100
FAX: (559) 435-5656

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | Case No.: 10-64047-A-7 |
| MAURO N. ALATORRE and | DC No.: SAS-1 |
| ALICIA L. NINO | **MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY** |
| | Date: August 10, 2011 |
| | Time: 9:00 A.M. |
| Debtors. | Dept: A |
| | Judge: Honorable Whitney Rimel |

**TO THE HONORABLE WHITNEY RIMEL UNITED STATES BANKRUPTCY JUDGE:**

1. Sheryl A. Strain is the duly appointed qualified, and acting Trustee of the above-entitled estate.

2. The above-captioned case was filed under Chapter 7 on December 3, 2010, and Sheryl A. Strain was appointed Chapter 7 Trustee.

3. This Court has jurisdiction over this proceeding by virtue of U.S.C. §1334(a). This a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this estate is a 2005 Nissan Quest ("Nissan"), Vehicle Identification Number 5N1BV28U05N107018.

-1-

MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY

5. The debtors claimed $2,550.00 of the value of the Nissan exempt under California Code §704.010 on the schedule C.

6. I investigated the 2005 Nissan's value, and I believe, based upon my experience as a Chapter 7 trustee, that the vehicle has value as follows:

| Estimated Fair Market Value | Debtor's Exemption | Costs of Sale | Net to Estate |
|---|---|---|---|
| $ 7,000.00 | $ 2,550.00 | $ 1,150.00 | $ $3,300.00 |

The estimated fair market was taken from information obtained from the Kelly Blue Book issued on, or about, the date the debtors' bankruptcy petition was filed.

7. The Trustee has negotiated a sale to the debtors, Mauro N. Alatorre and Alicia L. Nino, to purchase the non-exempt equity in the Nissan for the total sum of Three Thousand Three Hundred and 00/100 Dollars ($3,300.00) cash. The sum of $3,000.00 has been received by the estate, and deposited to an estate account.

8. In deciding to accept the proposed offer, the Trustee took into consideration the fair market value of the vehicle, the current condition of the vehicle, and the costs associated with taking possession of, storing, and selling the vehicle at auction. The Trustee does not believe that the estate would net a higher amount by selling the vehicle at auction.

9. The Trustee believes that sale of the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

**WHEREFORE,** the Trustee prays that after appropriate notice and opportunity to be heard, she be authorized to sell the above-described asset to the debtors, Mauro N. Alatorre and Alicia L. Nino, for the total sum of $3,300.00.

Dated: 7/6/11 /s/
Sheryl A. Strain
Chapter 7 Trustee